# Hoffman *v.* Kelly.

## *Assumpsit.*

(Decided December 4, 1913. 63 South. 943.)

1. *Pleading; Demurrer; Admissions.*—Facts alleged in a pleading must be treated as true for the purpose of disposing of a demurrer.

2. *Limitation of Action; Partial Payment; Unconditional Promise to Pay in Writing.*—Under section 4850, Code 1907, replications to pleas

[Hoffman v. Kelly.]

of statute of limitation which aver a partial payment made by the parties sought to be charged before the running of limitation and an unconditional promise in writing executed by such party before the running of limitation are sufficient, and need not aver the amount of the partial payment or the amount promised in writing to be paid.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Assumpsit by Richard B. Kelly against Walter Hoffman. From a judgment overruling a demurrer to the replications filed to the plea of the statute of limitations, defendant appeals. Affirmed.

N. D. DENSON, and R. C. SMITH, for appellant. The replications were insufficient for failure to allege what amount was paid on account, and for what amount the unconditional promise in writing was given.—*Watson v. Dale,* 1 Port. 247; 25 Cyc. 1420; 15 Am. St. Rep. 730.

BARNES & DENSON, for appellee. The court properly overruled demurrers to the replications.—Sec. 4850, Code 1907; 25 Cyc. 1419, et seq. Code 1907; 13 A. & E. Enc. of Evid. 254; 36 N. E. 47.

MAYFIELD, J.—Appellee sued appellant on an open account. A plea of the statute of limitations of three years was interposed. To this plea plaintiff interposed two special replications, which were in words and figures as follows:

"(1) That, before the bar of the statute of limitations therein set up was complete, the defendant on, to wit, the 29th day of October, 1909, made a partial payment upon the account sued on to plaintiff.

"(2) That before the bar of the statute of limitations therein pleaded was complete, on, to wit, the 29th day of October, 1909, and other dates, before said bar was complete, the defendant by an unconditional promise in

writing, signed by him, promised to pay the account sued on."

To each replication the defendant interposed a demurrer on the ground that the amount of the payment was not averred; that the replication was too indefinite and uncertain; that it stated a mere conclusion of the pleader; and that it failed to aver an express promise to pay any certain amount. The trial court overruled the demurrer. From that judgment the defendant prosecutes this appeal, assigning appropriate grounds of error.

The trial court correctly ruled as to each replication. If the fact stated in either replication was true, and on demurrer it must be so treated, it was a good reply to the plea of the statute of limitations. Each replication practically followed the language of the Code, and averred the only fact necessary to be averred to constitute a good replication.

Section 4850 of the Code reads as follows: "No act, promise, or acknowledgment is sufficient to remove the bar to a suit created by the provisions of this chapter, or is evidence of a new and continuing contract, except a partial payment made upon the contract by the party sought to be charged before the bar is complete, or an unconditional promise in writing, signed by the party to be charged thereby." This section provides (1) that a payment, made on the contract by the party sought to be charged, before the bar was complete, or (2) that an unconditional promise in writing, signed by the party to be charged thereby, will remove the bar. Replication 1 averred the partial payment, and replication 2 the unconditional promise in writing; and that each was made by the defendant, the party sought to be charged. This was sufficient. It was not necessary to aver the amount of the partial payment; that was immaterial. The statute fixes no amount. Nor was it necessary to aver

[Meyrovitz, et al. v. Levy.]

the amount promised to be paid; the complaint did that. Neither replication stated conclusions of the pleader; each averred a fact which the statute says is sufficient to remove the bar. It is a better form of pleading to aver facts than to set out the evidence by which the pleader proposes to prove the facts.

Neither of the replications was subject to the demurrer interposed.

Affirmed.

McClellan, Sayre, and Somerville, JJ., concur.